IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDY HENSON | : |
| | :     CIVIL ACTION NO. |
|     *Plaintiff* | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA | : |
| | : |
|     *Defendant* | : |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

**I.    PARTIES**

1.    Plaintiff, Judy Henson, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1027 Laurel Road, Sharon Hill, Pennsylvania 19079.

2.    Defendant is the United States of America.

**II.    JURISDICTION AND VENUE**

3.    Jurisdiction is conferred upon this Court by virtue of 39 U.S.C. § 409.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the district.

5.    Plaintiff timely filed an administrative claim with the United States Postal Service on or about August 22, 2022.

6.    By certified mail letter dated May 25, 2023, the United States Postal Service denied Plaintiff's claim.

7.    Therefore, pursuant to 28 U.S.C. § 2675(a), Plaintiff may now file the instant lawsuit.

### III. STATEMENT OF CLAIMS

8. At all times relevant hereto, Defendant, United States of America, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

9. At all times material herein, Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located at 1198 Chester Pike Suite 1, Sharon Hill, Pennsylvania 19079.

10. On or about December 11, 2020, and for a long time prior thereto, it was the duty of the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforesaid premises located at 1198 Chester Pike Suite 1, Sharon Hill, Pennsylvania 19079 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Judy Henson.

### COUNT I
### JUDY HENSON v. UNITED STATES OF AMERICA
### NEGLIGENCE – PREMISES LIABILITY

11. Plaintiff hereby incorporates by reference paragraphs one (1) through ten (10) of the within Complaint as though the same were fully set forth at length herein.

12. On or about December 11, 2020, Plaintiff, Judy Henson, was lawfully walking inside the Post Office on the aforesaid premises located at 1198 Chester Pike Suite 1, Sharon Hill, Pennsylvania 19079, when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the premises, Plaintiff tripped on a rug that was rolled up/not flush with the floor, thereby causing her to fall and strike her head on a plastic piece of the

doorway and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

      13.      The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, United States of America, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

    (a)    carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely repair or remove the rug that posed a tripping hazard;

    (b)    carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

    (c)    carelessly and negligently failing to recognize the rug that existed in a dangerous condition on Defendant's aforesaid premises, which caused Plaintiff's fall, and to timely remedy same;

    (d)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

    (e)    failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

    (f)    failing to adequately and timely repair defects to the aforesaid premises;

    (g)    failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

    (h)    failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition; and

    (i)    otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel.

14. Plaintiff, Judy Henson, in no manner contributed to her own injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

15. As a result of the aforesaid negligence of the Defendant, Plaintiff, Judy Henson, suffered severe injuries, including, but not limited to, disc protrusions at L4/L5 and L5/S1, intervertebral disc displacement in the lumbar region, radiculopathy in the lumbar region, sprain of the ligaments of the cervical, thoracic, and lumbar spine, dysfunction of the SI joint, injuries to the left shoulder, post traumatic headaches, closed head injury, contusion of the left hand, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

16. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

17. As a further result of the aforesaid accident, Plaintiff, Judy Henson, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

18. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

19. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function,

dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

20. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

21. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Judy Henson, demands judgment against Defendant, United States of America, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

Respectfully,

**SWARTZ CULLETON PC**

By: /s/ Brandon A. Swartz
Brandon A. Swartz, Esquire
Matthew E. Gallagher, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
*Attorneys for Plaintiff*,
Judy Henson

Date: June 6, 2023

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*/s/ Judy Henson*